Tedder R. MILLION, Plaintiff–Appellant,

v.

Anthony M. FRANK, Postmaster General, U.S. Postal Service, Defendant–Appellee.

No. 92–6255.

United States Court of Appeals, Tenth Circuit.

Feb. 7, 1995.

---

Steven M. Angel, Law Offices of Steven M. Angel, Oklahoma City, OK, for plaintiff-appellant.

Stuart M. Gerson, Frank W. Hunger, Asst. Attys. Gen., Washington, DC, Joe L. Heaton, U.S. Atty., Oklahoma City, OK, Marleigh D. Dover and Jennifer H. Zachs, Dept. of Justice, Washington, DC, for defendant-appellee.

Before TACHA, Circuit Judge, SETH, Senior Circuit Judge and LUNGSTRUM, District Judge.*

LUNGSTRUM, District Judge.

Plaintiff, Tedder R. Million, appeals the district court's grant of summary judgment in favor of defendant, Anthony M. Frank, Postmaster General of the United States Postal Service. We conclude that the district court properly granted defendant's motion and affirm.[1]

The facts relevant to this appeal are straightforward and not in dispute. Mr. Million was employed by the United States Post-

---

(citing Tax Court Rules of Practice, Rule 231(b)(9)).

* The Honorable John W. Lungstrum, United States District Judge for the District of Kansas, sitting by designation.

1. This case was submitted on the briefs as a result of our order of September 22, 1994 grant-ing plaintiff-appellant's motion to waive oral argument and for leave to file supplemental briefs in light of the United States Supreme Court's decision in *Landgraf v. USI Film Products*, —— U.S. ——, ——, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994).

al Service as a rural letter carrier until January 23, 1989 when he was given a notice of removal. He subsequently filed a formal complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of an alleged handicap and reprisal. The EEOC determined that no discrimination had occurred and sent a letter to Mr. Million informing him of his right to file a civil action in district court within thirty days. Plaintiff's wife received and signed for the notification letter at plaintiff's address on August 10, 1991. The decision was also mailed to plaintiff's counsel and was received at counsel's office on August 14, 1991. Plaintiff did not actually see the document until August 16, 1991, when he reviewed his mail. Plaintiff states that his regular practice was to review his mail on a weekly basis because of his hectic work schedule and that his review of the EEOC letter was in accord with this general practice. Plaintiff filed suit in district court on September 13, 1991, thirty-four days after his wife signed for the right to sue letter.

Plaintiff's first amended complaint alleged discrimination under the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Rehabilitation Act of 1973, as amended by the Civil Rights Act of 1991, 29 U.S.C. § 791. The Civil Rights Act of 1991 went into effect roughly six weeks after plaintiff filed his suit in the district court.

■ The district court dismissed plaintiff's suit as time-barred. The court rejected plaintiff's argument that the thirty-day period for filing his action did not begin to run until the date plaintiff actually opened and read the EEOC's notification and it determined, instead, that the time period for filing his civil action began to run on the date that the EEOC's letter was received by plaintiff's wife. In addition, the district court found that the Civil Rights Act of 1991 ("1991 Act"), which extended the applicable filing period from thirty to ninety days, did not apply retroactively to save plaintiff's claim.

We review the district court's grant of summary judgment de novo, applying the same standard used by the trial court. *Merrick v. Northern Natural Gas Co.,* 911 F.2d 426, 429 (10th Cir.1990); *Building & Constr. Dep't v. Rockwell Int'l Corp.,* 7 F.3d 1487, 1492 (10th Cir.1993).

■ In September of 1991 when plaintiff filed this action, section 2000e–16(c) of Title VII authorized a federal employee to file a civil action in federal district court "within thirty days of receipt of notice of final action taken by ... the Equal Employment Opportunity Commission." 42 U.S.C. 2000e–16(c) (1988); 29 U.S.C. 794a(a)(1). The first issue to be addressed on this appeal is whether receipt of the letter at plaintiff's home by his wife constitutes "receipt of notice" for purposes of section 2000e–16(c). Plaintiff concedes that if the time period began to run upon receipt of the notice by his wife, his action was untimely. However, if we find that he did not receive notice until he actually looked at his mail several days later, the period began to run the date his attorney received the letter and his action was timely filed. *See Irwin v. Veterans Affairs,* 498 U.S. 89, 92, 111 S.Ct. 453, 455–56, 112 L.Ed.2d 435 (1990) (thirty-day period runs from date letter is received by attorney); *Noe v. Ward,* 754 F.2d 890, 892 (10th Cir. 1985) (notice to attorney is imputed to client). This issue has not been addressed previously in our circuit.

There has been some debate in the courts over the triggering of the thirty-day period, as well as the comparable ninety-day period found at 42 U.S.C. 2000e–5(f)(1)[2], for filing suit in a Title VII action. Plaintiff here asks us to follow those decisions which have required actual receipt by the plaintiff as the trigger to the running of the time period, even though the notice was earlier received by another member of plaintiff's household at plaintiff's residence. *See Archie v. Chicago Truck Drivers,* 585 F.2d 210 (7th Cir.1978) (where letter was received by plaintiff's wife who delayed nine days before giving it to plaintiff, trigger date was that day plaintiff

---

**2.** 42 U.S.C. § 2000e–5(f)(1) is applicable to private sector employees and provides that the EEOC "shall ... notify the person aggrieved and

within 90 days after the giving of such notice a civil action may be brought."

received the letter); *Sousa v. N.L.R.B.*, 817 F.2d 10, 10–11 (2d Cir.1987) (time period began to run when plaintiff picked up his mail at post office, although letter was received at his post-office box five days earlier); *Killingham v. Board of Governors of State Colleges and Universities*, 549 F.Supp. 225 (N.D.Ill.1982) (where letter received by plaintiff's mother, time period began to run the following day when she gave it to plaintiff). We decline to do so.

Numerous other courts have held that the period for filing begins to run when there has been receipt by a member of plaintiff's household at plaintiff's address, unless the plaintiff establishes equitable considerations which would justify tolling. *See Watts–Means v. Prince George's Family Crisis Center*, 7 F.3d 40, 42 (4th Cir.1993) (filing period triggered by delivery of notice to plaintiff that she could pick up her right to sue letter at post office, rather than by her picking up the letter five days later); *Scholar v. Pacific Bell*, 963 F.2d 264, 266–68 (9th Cir.) (ninety-day period for filing discrimination action ran from date right to sue letter was received and signed by plaintiff's daughter at plaintiff's residence rather than when plaintiff read the letter a few days later), *cert. denied,* —— U.S. ——, 113 S.Ct. 196, 121 L.Ed.2d 139 (1992); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir.1987) (court held ninety-day period began when EEOC's right to sue letter was received by plaintiff's wife even though claimant did not learn of the letter until six days later); *Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248–50 (5th Cir.1985) (court held ninety-day period began when EEOC's right to sue letter was received by plaintiff's wife even though plaintiff did not see the letter until he returned from out of town eight days later)[3]; *Law v. Hercules, Inc.*,

713 F.2d 691, 692–93 (11th Cir.1983) (court held ninety-day period began when claimant's seventeen year-old son signed receipt for EEOC's right to sue letter in spite of plaintiffs contention he did not see the letter until one or two days later); *Bell v. Eagle Motor Lines, Inc.*, 693 F.2d 1086, 1087 (11th Cir.1982) (receipt by wife started running of the time period).[4] We agree with the approach adopted by the Fourth, Fifth, Ninth and Eleventh Circuits.

■ In the absence of equitable considerations demanding a different result, receipt at a plaintiff's address of the right to sue letter constitutes receipt sufficient to start the running of the time period for filing a discrimination action. If the rule were otherwise, a plaintiff would be permitted to "enjoy a manipulable, open-ended time extension which could render the statutory limitation meaningless...." *Lewis v. Connors Steel Co.*, 673 F.2d 1240, 1242 (11th Cir.1982). There is no reason to invite abuse of a very clear Title VII provision, especially where the flexibility to consider equitable factors would obviate any potential unfairness to a litigant.

The existence of the relatively short filing period is "clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay." *Harvey*, 813 F.2d at 654. The rule adopted here is consistent with this intent. A plaintiff " 'should be required to assume some minimum responsibility himself for an orderly and expeditious resolution of his dispute.' " *Bell*, 693 F.2d at 1087 (citing *Lewis*, 673 F.2d at 1242). Thus, notice received by plaintiff's wife in the instant case triggered the start of the thirty-day period unless plaintiff has brought forth equitable considerations which would justify tolling that time period.[5]

3. In *Espinoza,* the Fifth Circuit clarified its position on this issue and distinguished previous cases which could be read to require that the plaintiff must have the notice in his or her hands to constitute receipt. *See Scholar,* 963 F.2d at 267 n. 3.

4. *See also Griffin v. Prince William Hosp. Corp.,* 716 F.Supp. 919, 921 (E.D.Va.1989); *Oswald v. Veeder Root Co.,* 662 F.Supp. 952, 953 (W.D.Pa. 1987); *Mouriz v. Avondale Shipyards, Inc.,* 428 F.Supp. 1025, 1027 (E.D.La.1977) (time period

ran when wife received letter even though plaintiff did not see it until later).

5. Plaintiff argues that the cases relied upon here, in particular *Harvey, Bell,* and *Espinoza,* may be distinguished because they dealt with the ninety-day time limit for nonfederal employees found at 42 U.S.C. § 2000e–5(f)(1) and not the thirty-day provision for federal employees. Section 2000e–5(f)(1) states that an action must be brought "within 90 days after the giving of such notice." Plaintiff contends that the term "giving of such

**389**

Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling. *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir.1983) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392–93, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982)). Equitable tolling is applicable to suits against private defendants as well as suits against the United States. *Irwin*, 498 U.S. at 92, 111 S.Ct. at 455–56. The propriety of equitable tolling must be determined on a case-by-case basis. *Gonzalez–Aller Balseyro*, 702 F.2d at 859. Equitable tolling may be appropriate where "the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights...." *Carlile v. South Routt Sch. Dist. RE 3–J*, 652 F.2d 981, 985 (10th Cir.1981).

The district court correctly decided that plaintiff fell far short of establishing circumstances which would justify tolling. The plaintiff states only that he reviewed his mail on a weekly basis and, thus, did not see the EEOC letter for several days after its receipt and acceptance by his wife. As was aptly put by the district court, "The doctrine of equitable tolling cannot be applied simply because the plaintiff chose to examine his mail on a weekly basis rather than as it arrived." Moreover, there is no evidence that plaintiff had insufficient opportunity or time to file once he actually saw the notice on August 16th. Had plaintiff acted diligently, he could have filed his action in a timely manner. There is simply no basis upon which to afford equitable relief to plaintiff under the circumstances of this case.

Having found that plaintiff's action was not timely filed under section 2000e–16(c) as it existed when plaintiff's action was filed, the only remaining issue is whether the applicable provision of the 1991 Act, which extended the time limit from thirty to ninety days,[6] may be applied retroactively to save plaintiff's claim. We find that it may not.

The United States Supreme Court has recently addressed whether particular sections of the 1991 Civil Rights Act should be applied retroactively. In *Landgraf v. USI Film Products*, —— U.S. ——, ——, 114 S.Ct. 1483, 1505, 128 L.Ed.2d 229 (1994), the Court determined that the provisions for compensatory damages and the right to a jury trial contained in section 102 of the Act would not apply to cases filed before the effective date of the Act. In addressing the retroactivity of these provisions, the Supreme Court stated:

"When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional pre-

---

notice" is less demanding than "receipt" as used in § 2000e–16(c) and that this distinction justifies and explains why courts have permitted delivery to suffice under certain circumstances for nonfederal employees. On the contrary, this court and others have interpreted the term "giving of such notice" in § 2000e–5(f)(1) to mean that the time period begins to run upon "receipt" of the notice by the plaintiff. *See Williams v. Southern Union Gas Co.*, 529 F.2d 483, 487 (10th Cir.), *cert. denied*, 429 U.S. 959, 97 S.Ct. 381, 50 L.Ed.2d 325 (1976); *Plunkett v. Roadway Express, Inc.*, 504 F.2d 417, 418 (10th Cir.1974); *see also Scholar*, 963 F.2d at 267 n. 2 (ninety-day period in § 2000e–5(f)(1) begins on receipt, not

when letter is dispatched); *Bell*, 693 F.2d at 1087 (same). Since both provisions have been interpreted to require receipt of the notice, we see no reason to give the term "receipt" some meaning different in § 2000e–16(c) than in § 2000e–5(f)(1).

**6.** Section 114 of the 1991 Act amended section 717(c) of the Civil Rights Act of 1964, 42 U.S.C. 2000e–16(c), to provide for a ninety-day period, making the time limit for filing suit for federal employees the same as that for nonfederal employees.

sumption teaches that it does not govern absent clear congressional intent favoring such a result."

*Landgraf,* —— U.S. at ——, 114 S.Ct. at 1505.

The Court found that Congress did not clearly express an intent that the 1991 Act apply retroactively. *Id.* at ——–——, 114 S.Ct. at 1489–96. It further reasoned that because the provisions for damages and a jury trial would attach additional burdens to prior conduct and create new rights to relief where none had existed before, they could not be permitted to apply retroactively. *Id.* at ——–——, 114 S.Ct. at 1506–07. We are guided by *Landgraf,* and the principles espoused therein, in determining whether plaintiff here is entitled to the ninety-day limitations period provided for in the 1991 Act.

In asking the court to apply the new ninety-day time period to his claim, plaintiff attempts to use the 1991 Act to revive a right which we have determined did not exist under the law as it was in force when his claim arose. Applying the new time limit would alter the substantive rights of both the plaintiff and the defendant. Plaintiff would be afforded relief where previously there was none to be gained. The defendant would be stripped of his right to raise a valid defense and would be forced to defend an action previously time-barred: defendant's liability would be substantially increased. *See Chenault v. United States Postal Serv.,* 37 F.3d 535, 539 (9th Cir.1994) (ninety-day period may not be applied retroactively to revive a plaintiff's claim that is otherwise barred under the old statutory scheme because to do so would "alter the substantive rights of a party" and "increase a party's liability").

 *Landgraf* squarely prohibits the court from permitting the 1991 Act to have this type of retroactive effect absent instructions from Congress that the Act's provision governs. Congress did not express such an intent in the 1991 Act,[7] and, thus, the traditional presumption against retroactive application must control. *See Landgraf,* —— U.S.

---

7. The appropriate inquiry is not whether the entire 1991 Act should apply retroactively, but whether the arguably applicable section may be

——–——, 114 S.Ct. at 1506–07. Mr. Million did not timely file his action within thirty days as prescribed by Title VII before the 1991 amendments. His time-barred claim may not be resurrected by retroactive application of the new and substantially longer ninety-day period.

We find that the district court properly concluded that plaintiff's action was untimely under the thirty-day period of section 2000e–16(c) and that the amended section does not apply to save his claim. Accordingly, the judgment is AFFIRMED.

---

permitted to have a retroactive effect. *Carter v. Sedgwick County, KS,* 36 F.3d 952, 955 n. 1 (10th Cir.1994).