**Dorothy Mae DENT, Plaintiff,**

v.

**Robert E. RUBIN, Secretary of the Treasury, United States Department of the Treasury, Internal Revenue Service Division, Defendant.**

Nos. 95–1105–JTM, 95–1496–JTM.

United States District Court,
D. Kansas.

April 22, 1996.

Dorothy Mae Dent is a pro se litigant.

Stephen K. Lester, Assistant U.S. Attorney, Wichita, KS, for defendant.

## MEMORANDUM AND ORDER

MARTEN, District Judge.

Plaintiff Dorothy Dent, an employee of the Internal Revenue Service (IRS), has brought two civil rights actions, Nos. 95–1105–JTM and 95–1496–JTM. The first action, originally brought before Judge Belot, was transferred here on January 25, 1996. On January 26, the two actions were consolidated on the government's motion. Dent appears in both actions pro se.

The government has filed motions to dismiss in both actions. The government contends that Case No. 95–1105 is premature, since the action was filed before the Treasury Department Equal Employment Opportunity Office had issued a final decision in the administrative complaints before it. It also contends that Case No. 95–1496 substantially replicates the allegations in the earlier case and is an attempt to evade the exhaustion of remedies requirement. Dent has filed a motion (Dkt. No. 15) to reconsider and revoke the consolidation, on the grounds that the government did not submit a memorandum

in support of its motion and because it has allegedly deprived her of the opportunity to respond to the government's motion.

The court finds the cases can and should remain consolidated. D.Kan. Rule 7.1 generally requires that motions be accompanied by a brief or memorandum, but it does not compel dismissal of motions which fail to meet this obligation. Moreover, although the government's motion is not long, it does set forth the rationale for consolidation. Finally, the government is correct in pointing out that the two cases have a substantial identity as to their key facts.

The two consolidated cases arise from four administrative complaints with the Treasury Department EEO Office:

| Date Filed | Complaint No. |
| --- | --- |
| October 7, 1994 | 95–2003 |
| December 22, 1994 | 95–2068 |
| July 7, 1995 | 95–2281 |
| August 5, 1995 | 95–2304 |

The first two administrative complaints, Nos. 95–2003 and 95–2068, focus on alleged sexual discrimination, harassment, and retaliation by Dent's co-workers at the IRS. During the course of her correspondence with the Treasury Department Regional Complaint Center, Dent listed 34 issues which she wanted to have investigated.

By a letter dated February 3, 1995, Regional Complaint Center Director Jerry Armstrong wrote Dent he was accepting for consideration the issues of whether she had been subjected to a hostile work environment "with respect to awards/assignments/appointments/office lighting/work temperatures and comments made by your manager, vendors and coworkers between March and July 20, 1994." (Def.'s Memo., Ex. 11 at 2.) The letter also states that the office would consider whether Dent had been denied a promotion, given adverse performance ratings, or suffered privacy violations because of her sex or in retaliation for her complaints of discrimination. The remaining issues were dismissed as not stating a claim, falling within the accepted issues, or no complaint within 45 days. 29 C.F.R. § 1614.107(b).

The letter includes a statement of Dent's appeal rights and instructions and forms for filing an appeal with the EEOC. The letter also states: "This constitutes a final agency decision on the above-referenced complaints of discrimination." (Def.'s Memo., Ex. 11 at 8.)

On March 6, 1995, Dent filed Case No. 95–1105 in the United States District Court for the District of Kansas. On learning of this, the administrative complaint center stayed further consideration of the core elements of Dent's claims.

In her two subsequent administrative complaints, Dent alleges she overheard custodial staff state, "That's the one you're supposed to watch." She also alleges that she has learned of additional discriminatory statements since the earlier proceedings. On August 18, 1995, Dent's last two administrative complaints were dismissed for failure to state a claim under 29 C.F.R. § 1614.107, with the finding that the acts complained of did not represent new acts of discrimination against Dent by government personnel, and that the statements were not made personally to Dent.

The government has moved to dismiss the complaints, arguing that the second action substantially duplicates the first, which it does, and that Dent filed the first action prior to exhausting her administrative remedies. 42 U.S.C. § 2000e–16(c) provides that a party "aggrieved by the final disposition of his complaint" may bring an action within 90 days "of receipt of notice of final action" by a reviewing administrative agency.

The government's main argument is that the core of Dent's complaint remains with the Treasury Department Regional Complaint Center, which has stayed further proceedings following Dent's filing of Case No. 95–1105. Dent replies, not surprisingly, that the letter she received from Armstrong explicitly states that it is a final order.

The court finds no small amount of equity on Dent's side. She has conscientiously attempted to protect her rights in light of the Armstrong's letter dismissing her complaint. And it is also true that the dismissal letter complies with many of the explicit requirements of a final order under 29 C.F.R. § 1614.110, in that it contains a statement of

Dent's appeal rights and a copy of EEOC Form 573 for commencing such an appeal.

There is, however, one essential element of a final order which is not present in the letter of February 3. 29 C.F.R. § 1614.110 also provides:

> The final decision shall consist of findings by the agency on the merits of *each issue in the complaint* and, when discrimination is found, appropriate remedies and relief in accordance with subpart E of this part.

(Emphasis added).

The regulation, by its explicit terms, prohibits the action of Armstrong in the present case, i.e., to render a partial final order on some but not all of the issues in an administrative complaint. The court has been unable to identify any authority for this type of serial resolution of an administrative complaint under Title VII.

This understanding, that the agency must resolve *all* of the issues by a plaintiff, is inherent in the statutory mandate of Title VII, which permits a person who has advanced an administrative complaint of discrimination to bring a civil action "if aggrieved by the final disposition of his complaint," not merely *one portion* of that complaint.

That Title VII contemplates only a single final decision receives further support from the practical consequences of such an approach, which are well illustrated here. If the court denies the motion to dismiss and retains jurisdiction over Dent's claims, the court would have jurisdiction only over peripheral elements of Dent's grievances. The core of Dent's gender discrimination claims remain before the administrative office which has stayed a consideration of the merits of those claims while these actions are pending.

As an illustration of the practical difficulties raised by retaining the claims advanced here, Dent complains in her EEO complaint that the IRS improperly denied her a promotion because of her sex, and instead promoted Jerry Bradburn. Dent then raises specific issues as to

■ · Whether or not the vacancy announcement for Chief, Information Systems, Wichita district was misrepresented to applicants thereby limiting and restricting the applications and creating a fraudulent selection.

■ Whether or not the position of Chief, Information Systems, was discussed by recommending management officials with any or the applicants before the vacancy announcement or selection process was complete creating a fraudulent selection.

■ Whether the vacancy announcement and selection for Wichita chief, IS, was delayed until Jerry Bradburn received his GS–12.

■ Whether Jerry Bradburn, the selectee, had the proper time in grade to compete for the Wichita Chief, Information Systems position under merit rules.

■ Whether appraisals of the selected Chief, ISS, as a GS–11 can be legitimately compared and rated against appraisals of other applicants who performed for years at the GS–12 level. Mr. Bradburn had no appraisal written at the GS–12 performance level.

■ whether a position announced as a GS–13 for Chief, IS, can be filled by selecting an individual who only qualifies as a GS–12 and only receives GS–12 pay.

(Def's.Memo., Ex. 4–1.)

The Treasury Department Regional Complaint Center dismissed issues 15 through 20 either because they failed to state a claim under 29 C.F.R. § 1614.107(a) or because they were included under other claims advanced by Dent. (Def's.Memo., Ex. 11 at 6.) The agency, however, explicitly retained jurisdiction over the general issue of whether Dent had been excluded from the Chief of Information Systems staff because of her gender or as improper retaliation. (*Id.* at 2.)

Assuming jurisdiction over the dismissed issues creates problems because, first, many of these "issues" may constitute evidence in support of Dent's gender-based refusal-to-promote claim, but they are not independent causes of action in themselves. More importantly, the main issues of retaliation, gender-based discrimination, and hostile working environment remain before the administrative agency. Proceeding with the present actions

would mean essentially trying a hollow action in which the main issues are absent.

Retaining jurisdiction over the claims advanced in these two consolidated cases directly frustrates the basic purpose of Title VII, that such claims should receive a preliminary administrative review. Title VII is specifically designed to "encourag[e] administrative resolution of employment discrimination disputes." *Robbins v. Bentsen,* 41 F.3d 1195, 1199 (7th Cir.1994). *See Million v. Frank,* 47 F.3d 385 (10th Cir.1995); *Bolden v. PRC Inc.,* 43 F.3d 545 (10th Cir. 1994), *cert. denied,* — U.S. —, 116 S.Ct. 92, 133 L.Ed.2d 48 (1995). The fault for this dilemma lies with Armstrong rather than the plaintiff, but this does not permit the court to excuse the requirement of exhaustion of remedies. That requirement is "an absolute prerequisite to suit" under Title VII. *Porter v. Adams,* 639 F.2d 273, 276 (5th Cir.1981). In the present case, the policy of encouraging administrative resolution of such claims was frustrated by the institution of the present litigation after the partial dismissal of Dent's complaint.

In summary, even though Armstrong's letter of February 3, 1995 explicitly states that it "constitutes a final agency decision on the above-referenced complaints of discrimination," and contains a statement of Dent's appeal rights and a copy of an EEOC Notice of Appeal, Form 573, the decision only partially complies with 29 C.F.R. § 1614.110, in that it does not represent a decision on "each issue in the complaint." Neither do the administrative regulations appear to contemplate piecemeal resolution of a party's complaint, nor do they authorize anything similar to partial summary judgment under the Federal Rules of Civil Procedure.

Accordingly, the court will grant the government's motion to dismiss these actions. The court will accept as a binding representation of the United States that plaintiff Dent has not yet received an administrative order disposing of the core elements of her discrimination claims. When that occurs, the plaintiff may reinstitute this action, assuming she otherwise complies with the requirements for bringing such a civil action. Finally, a copy of this order will be sent to the person in charge of the EEO Regional Complaint Center, with the direction that there is no justifiable reason for a continued delay in resolving Dent's administrative complaints.

IT IS ACCORDINGLY ORDERED this 22nd day of April, 1996, that the defendant's motions to dismiss (Dkt. No. 8 in both actions) are hereby granted consistent with terms of this order.