**Marian W. BERGMAN, Plaintiff,**

v.

**SPRINT/UNITED MANAGEMENT CO., Defendant.**

**Civil Action no. 96–2077–GTV.**

United States District Court,
D. Kansas.

Oct. 31, 1997.

Stephen J. Dennis, Overland Park, KS, for Plaintiff.

Joel P. Brous, Shughart, Thomson & Kilroy, P.C., Kansas City, MO, Karen R. Glickstein, Foland & Wickens, P.C., Kansas City, MO, for Defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

Plaintiff brings this civil rights action alleging that she was terminated by defendant due to her disability and her age, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* The case is before the court on defendant's motion for summary judgment (Doc. 31) pursuant to Fed.R.Civ.P. 56(b). For the reasons stated below, defendant's motion is granted.

### I. Factual Background

The following facts are either uncontroverted or based on evidence submitted in the summary judgment papers viewed in a light most favorable to the plaintiff. Immaterial facts and facts not properly supported in the record are omitted.

On April 8, 1994, defendant terminated plaintiff from her position as a technical writer. On May 16, 1994, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that her termination was due to her disability and her age.

The EEOC initially sent plaintiff her notice of right to sue on October 13, 1995. This first notice was sent to 9131 Riggs Lane, the last address plaintiff provided to the EEOC. Plaintiff, however, no longer lived at the Riggs address. She had moved to a new residence at 4341 Mercier in Kansas City, Missouri more than a year before the first notice was sent. As a result, the first notice was returned to the EEOC as undeliverable. On October 27, 1995, the EEOC again attempted to send the right to sue letter to plaintiff at her Riggs address. This letter was also returned as undeliverable.

On November 3, 1995, the EEOC, by certified mail, sent the notice of right to sue to plaintiff at her Mercier address. Plaintiff received this certified letter at some point in November 1995. At a deposition held on December 23, 1996, plaintiff testified that she did not know the exact day that she received the right to sue letter:

Q: I am now going to hand you what the reporter has marked as Deposition Exhibit No. 4, which a two-page document that is a notice of your right to sue, and then the back page appears to be a copy of the certified mail envelope sending you that right-to-sue letter. My question to you is, do you recall when you received the right-to-sue letter?

A: It was in November.

Q: Do you recall when in November?

A: No, not exactly.

Q: Sometime in the month of November?

A: Yes.

Q: Okay. Do you recall at what address you received the right-to-sue letter in November?

A: At my current address, 4341 Mercier.

Q: And how do you know that you received the right-to-sue letter in November?

A: I just recall that is when it was because of the limitations. I was very aware of the fact that it had this October date and it was—my response had to be within 90 days, and I was close to the end of the 90 days or felt close to the end of the 90 days. I just remember November. I don't know.

(Bergman Dep. at 40–41).

Defendant filed its motion for summary judgment on April 29, 1997. On June 17, 1997, plaintiff claimed in her affidavit that her memory had been refreshed and that she actually received the right to sue letter on November 18, 1995. November 18, 1995 was exactly ninety days before February 16, 1996—the same date that plaintiff brought this action.

Additional facts will be provided as necessary.

## II. Summary Judgment Standards

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). One of the principal purposes of summary judgment is to isolate and dispose of factually unsupportable claims or defenses, and Rule 56 should be interpreted in a way that accomplishes this purpose. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The court's proper inquiry is whether there is a need for a trial; in other words, whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing" that there is an absence of evidence to support the nonmoving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54. Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *See id.* The court reviews the evidence on summary judgment under the substantive law and based on the evidentiary burden that the party will face at trial on the particular claim. *See id.* at 254, 106 S.Ct. at 2513.

## III. Discussion

■■■ The only issue to be decided is whether plaintiff complied with the EEOC's ninety-day filing requirement. The ADA and ADEA mandate that if the EEOC dismisses a discrimination charge or takes no action within a specified period, the agency must notify the aggrieved person. *See* 29 U.S.C. § 626(e); 42 U.S.C. § 12117(a) (referencing Title VII provisions in 42 U.S.C. § 2000e–5(f)(1)). Upon receipt of this notice, the aggrieved person has ninety days to bring a civil action against the respondent named in the original discrimination charge.

*Id.* The ninety-day filing period generally commences on the date that the aggrieved party actually receives the EEOC's right-to-sue letter. *See Biester v. Midwest Health Servs., Inc.,* 77 F.3d 1264, 1267 (10th Cir. 1996). Compliance with this time requirement is not a jurisdictional prerequisite; rather, it is a statutory precondition to suit that functions like a statute of limitations. *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.,* 702 F.2d 857, 859 (10th Cir.1983). "When the defendant denies or contests a timely filing, the plaintiff must prove this condition precedent." *Hanson v. Beloit Newspapers, Inc.,* No. 94–4023-SAC, 1995 WL 646808, at *7 (D.Kan. Sept.15, 1995) (citing *Stambaugh v. Kansas Dept. of Corrections,* 844 F.Supp. 1431, 1433 (D.Kan.1994)).

■ Defendant contends that plaintiff's suit is time-barred because plaintiff filed suit 121 days after constructively receiving the right to sue letter at her Riggs address. Alternatively, defendant argues that plaintiff is time-barred because she filed suit 100 days after constructively receiving the right to sue letter at her Mercier address. The court will address the second argument first.

The EEOC mailed the right to sue letter to plaintiff's Mercier address on November 3, 1995. Neither party knows the exact date plaintiff received notice that the certified letter was waiting for her at the post office. When the actual receipt date of the right-to-sue notice is unknown or in dispute, the Tenth Circuit applies a presumption that plaintiff received her EEOC notice within *three* days of its mailing. *See Jarrett v. U.S. Sprint Communications Co.,* 22 F.3d 256, 259 (10th Cir.1994); *Palmer v. Sprint/United Midwest Mgmt. Servs. Co., et al.,* No. 96–2503-GTV, 1997 WL 383065 (D.Kan. June 18, 1997). Therefore, it is presumed by this court that plaintiff knew the EEOC notice was at the post office as of November 8, 1995—three working days after the right to sue letter was mailed.

■ Plaintiff contends that she did not "physically" receive the right to sue letter until November 18, 1995, when she retrieved it from the post office. In her affidavit, plaintiff states that she attempted to pick up the certified letter on November 11, 1995, but the office had closed for the day. Plain-tiff claims her next attempt to retrieve the letter, November 13, 1995, was likewise unsuccessful because the post office was closed for Veterans Day. Because of her work schedule and other time commitments, plaintiff claims she was unable to successfully retrieve the letter from the neighborhood post office until November 18, 1995. Therefore, plaintiff claims that her February, 16, 1996 filing—which was exactly ninety days after she retrieved the letter—was timely. The court disagrees.

The Tenth Circuit has held that "[i]n the absence of equitable considerations demanding a different result, receipt at a plaintiff's address of a right to sue letter constitutes receipt sufficient to start the running of the time period for filing a discrimination action." *Million v. Frank,* 47 F.3d 385, 388 (10th Cir.1995). In so holding, the court cited with approval a Fourth Circuit case finding that the filing period was triggered by the delivery of notice to the plaintiff that she could pick up her right to sue letter at the post office, rather than by her "actual receipt" up the letter five days later. *Id.* (citing *Watts–Means v. Prince George's Family Crisis Center,* 7 F.3d 40, 42 (4th Cir.1993)). Furthermore, this district, relying on *Million,* has held that "[r]eceipt of the mailed notice at the plaintiff's address is sufficient to commence the ninety-day period. The date of receipt is not delayed until the plaintiff actually retrieves and opens the mailed notice, unless equitable considerations would warrant tolling." *Hanson,* 1995 WL 646808, at *7. The court concludes that the ninety-day filing period was triggered on November 8, 1995, unless plaintiff is able to bring forth equitable considerations which would justify tolling that time period. *See Million,* 47 F.3d at 388.

■ The propriety of equitable tolling must be determined on a case-by-case basis. "Equitable tolling may be appropriate where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights...." *Id.* (citations omitted). Plaintiff's only argument in support of equitable tolling of the filing period is that "Owing to my work

schedule and other time commitments, I was unable to get to the Westport branch [of the post office], where the certified letter was being held, until November 18, 1995." (Bergman Aff. ¶ 6). This excuse is not sufficient to warrant equitable tolling of the filing period. Had plaintiff acted diligently, she could have filed her action in a timely fashion. Therefore, under the circumstances of this case, there is no basis upon which the court can grant equitable relief to plaintiff.

The court finds that plaintiff had notice of the right to sue letter on November 8, 1995. Accordingly, plaintiff's civil suit was not filed within the ninety-day filing period as required by the ADA and the ADEA.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for summary judgment (Doc. 31) is granted.

**IT IS SO ORDERED.**