**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EJIKE J. AJALLA,

   Plaintiff-Appellant,

 v.

THOMAS E. WHITE, Secretary of the
Army,

   Defendant-Appellee.

No. 03-7068

(E.D. Oklahoma)

(D.C. No. CIV-02-681-S)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

  Ejike J. Ajalla alleges that the United States Army ("the Army") racially

discriminated against him in employment in violation of Title VII of the Civil

Rights Act, 42 U.S.C. §§ 2000e–2000e-17. The district court dismissed Mr.

Ajalla's complaint for failure to timely exhaust his administrative remedies. Mr.

Ajalla now appeals the district court's dismissal of his complaint. After

examining the briefs and appellate record, this panel has determined unanimously

---

 [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

to decide this case on the briefs without oral argument. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

Ejike J. Ajalla began working as a mechanical engineer in the Technical Training Division of the McAlester Army Ammunition Plant (MCAAP) in McAlester, Oklahoma on June 20, 1999. Mr. Ajalla was previously employed as a mechanical engineer in the Maintenance Engineering Division of the United States Army Defense Ammunition Center in Savanna, Illinois. He was reassigned to MCAAP under a negotiated settlement agreement entered into pursuant to a lawsuit filed by Mr. Ajalla against the Army, alleging racial discrimination in employment in violation of Title VII.

In a letter dated March 21, 2000, Mr. Ajalla alleged that the Army was in noncompliance with the negotiated settlement agreement. Specifically, Mr. Ajalla contended that his new position at MCAAP was not the same type of position as his former position in Savanna. He asserted that the MCAAP job was "not a mechanical engineer job, but a teaching job." Rec. vol. I, doc. 1, at 3a (Complaint, filed Sept. 9, 2002). In response to Mr. Ajalla's letter, the Army issued a final agency decision dated September 20, 2001, finding that the Army was in compliance with the settlement agreement. The letter informing Mr. Ajalla

of the final agency decision explained that, should Mr. Ajalla wish to appeal the decision, the appeal had to be filed with the Equal Employment Opportunity Commission (EEOC) within thirty calendar days of receipt of the decision, as required by 29 C.F.R. § 1614.402.[1]

The Army's Equal Employment Opportunity Compliance and Complaints Review Agency (EEOCCRA) in Arlington, Virginia, attempted to send a letter detailing the final agency decision to Mr. Ajalla; however, the U.S. Postal Service was unable to deliver the letter successfully. Apparently, the EEOCCRA did not have Mr. Ajalla's correct mailing address. Aplt's Br. at 2. Because of this difficulty, the EEOCCRA asked the Equal Employment Opportunity Office at MCAAP to deliver the letter to Mr. Ajalla. An MCAAP employee sent the letter to Mr. Ajalla by certified mail/return receipt requested on October 16, 2001. The letter arrived at Mr. Ajalla's home and was signed for by his fifteen year-old son on October 17, 2001. Mr. Ajalla was away on business when the letter arrived and had asked his wife not to open any letters while he was gone unless they had a Washington, D.C., return address. Since the letter containing the final agency

---

[1] The letter also informed Mr. Ajalla that he could proceed by filing an action in the appropriate United States District Court within ninety days of receiving the final agency decision, should he decide not to appeal to the EEOC, or within ninety days of receipt of the EEOC's "final decision on appeal," should he decide to appeal to the EEOC. *See* 29 C.F.R. § 1614.407. Mr. Ajalla does not argue that his district court complaint was timely filed.

decision was mailed in an MCAAP envelope bearing a McAlester, Oklahoma, return address, Mr. Ajalla's wife did not open the letter while her husband was away.

Mr. Ajalla did not return from his business trip until November 18, 2001. According to Mr. Ajalla, on November 19, 2001, he spoke with an attorney at the EEOC and an employee in the MCAAP Equal Employment Opportunity Office, and both of them assured him that his appeal would be timely if filed that day. Aple's Br. at 11; Rec. vol. I, doc. 26, at 2 (Plaintiff's Response to Defendant's Motion to Dismiss, filed Apr. 18, 2003). Mr. Ajalla wrote a letter to the EEOC appealing the Army's final agency decision on November 19, 2001, thirty-three days after he received the decision by certified mail.[2] The EEOC dismissed Mr. Ajalla's complaint as untimely.

---

[2] Mr. Ajalla's letter of November 19, 2001 stated only:

> This is to bring to your attention that the decision sited [sic] above was mailed to my residential address by Certified Mail-Return Receipt Requested on October 16, 2001. The said letter arrived at my residence on the following day, October 17, 2001 and was signed for by my fifteen-year (15) old son, Uche Ajalla.
>
> I was out of town when the said letter arrived. Upon my return on November 18, 2001 I read the letter and found the 30-day [sic] had elapsed.
>
> I am therefore requesting that you accept my Notice of Appeal/Petition as timely.

Rec. vol. I, doc. 22, Attach. 3 (Defendant's Motion to Dismiss, filed Feb. 25, 2003). While it is not clear that this letter constitutes sufficient notice of appeal, it will be treated as such for purposes of this action.

Mr. Ajalla then filed a pro se complaint in the United States District Court for the Eastern District of Oklahoma. The district court granted the Army's motion to dismiss on March 26, 2003, finding that Mr. Ajalla failed to timely exhaust his administrative remedies. The court subsequently granted Mr. Ajalla's motion for reconsideration because the case number on the Army's motion to dismiss was incorrect, leading Mr. Ajalla to believe that he did not need to file a response to the Army's motion. After considering Mr. Ajalla's response to the motion and the Army's reply, the district court dismissed the complaint on May 16, 2003, adopting its March 26 order.

## II. DISCUSSION

On appeal, Mr. Ajalla challenges the grant of the Army's motion to dismiss his Title VII claim. "We review the district court's ruling as to defendant's motion to dismiss de novo." *Steele v. United States*, 19 F.3d 531, 532 (10th Cir. 1994). However, "[b]ecause the application of equitable doctrines rests in the sound discretion of the district court, its decision [regarding equitable tolling] will not be disturbed on appeal absent a showing of abuse of discretion." *United States v. Clymore*, 245 F.3d 1195, 1198 (10th Cir. 2001). Since Mr. Ajalla is proceeding pro se, we liberally construe his filings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Upon review of the record, we conclude for substantially the same reasons as the district court that the grant of the Army's

motion to dismiss is warranted.

Under 29 C.F.R. § 1614.402(a), Mr. Ajalla had thirty days in which to file an appeal with the EEOC after receipt of the Army's final agency decision. Mr. Ajalla does not dispute that the letter notifying him of the Army's final agency decision arrived at his house and was signed for by his son on October 17, 2001, thirty-three days before he appealed the decision to the EEOC. Rec. vol. I, doc. 28, at 2 n.2 (Dist Ct. Order, filed May 16, 2003). In *Million v. Frank*, we held that receipt of a right to sue letter by a member of the plaintiff's household at the plaintiff's address "constitutes receipt sufficient to start the running of the time period for filing a discrimination action." 47 F.3d 385, 388 (10th Cir. 1995). Furthermore, Oklahoma law regarding service of process provides that "[a]cceptance or refusal of service by mail by a person who is fifteen (15) years of age or older who resides at the defendant's dwelling house or usual place of abode shall constitute acceptance or refusal by the party addressed." OKLA. STAT. 12, § 2004(C)(2)(c). Thus, Mr. Ajalla effectively received the letter on October 17, 2001, and the period for filing the appeal began to run as of that day, unless Mr. Ajalla can establish grounds for equitable tolling of the time limit.

The thirty-day time limit established by 29 C.F.R. § 1614.402(a) "is not a jurisdictional requirement, but rather is subject to waiver, estoppel, and equitable tolling." *See Harms v. Internal Revenue Serv.*, 321 F.3d 1001, 1006 (10th Cir.

2003) (addressing equitable tolling of a time limit set forth in 29 C.F.R. § 1614.407(a), a related regulation). Mr. Ajalla argues that he is entitled to equitable tolling of the time limit because: 1) the Army deliberately deceived him by sending the final agency decision in an envelope bearing an MCAAP return address; and 2) he was misled by two different individuals on November 19, 2001, an employee in the Equal Employment Opportunity Office at MCAAP and an attorney at the EEOC, both of whom told him his appeal would be accepted as timely if filed on November 19, 2001.

"In this circuit, a Title VII time limit will be tolled *only* if there has been active deception of the claimant regarding procedural requirements." *Jarret v. US Sprint Communications Co.*, 22 F.3d 256, 260 (10th Cir. 1994). "For instance, equitable tolling may be appropriate where a plaintiff has been 'lulled into inaction by her past employer, state or federal agencies, or the courts.'" *Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984) (quoting *Carlile v. South Routt Sch. Dist. RE 3-J*, 652 F.2d 981, 986 (10th Cir. 1981)). The fact that the Army sent the final agency decision letter in an envelope with an MCAAP return address does not constitute "active deception," nor was Mr. Ajalla "lulled into inaction" by the Army. There is no indication that the MCAAP return address was intended to mislead Mr. Ajalla; rather, as the district court noted, "it appears Defendant was diligently attempting to serve the Final Decision on Plaintiff after initial

efforts by the Army's Arlington, Virginia, office proved unsuccessful." Rec. vol I, doc. 28, at 3.

Mr. Ajalla argues that "[t]he Agency, being fully aware that the case could be litigated could have given my correct mailing address to the Department of the Army to mail its final decision directly to me." Aplt's Br. at 2. While it is true that the EEOCCRA could have attempted to obtain Mr. Ajalla's correct address, we agree with the district court's finding that the Army's "utilization of its local office was a reasonable means of service." Rec. vol. I, doc. 28, at 3. The Army had no way of knowing that Mr. Ajalla had directed his wife not to open any mail without a Washington, D.C., return address. We have previously held that a plaintiff's personal decision as to when to open his mail is not grounds for equitable tolling. *See Million*, 47 F.3d at 389 ("The doctrine of equitable tolling cannot be applied simply because the plaintiff chose to examine his mail on a weekly basis rather than as it arrived.") (internal citation omitted). Similarly, Mr. Ajalla's decision to tell his wife not to open mail in his absence does not meet the standard for equitable tolling.

Mr. Ajalla's second argument in favor of equitable tolling also fails. He contends that in telephone conversations on November 19, 2001, employees of the EEOC and the Equal Employment Opportunity Office at MCAAP told him that his appeal would be treated as timely if filed on November 19, 2001. The two

individuals denied making any such statements in their affidavits. See Rec. vol. I, doc. 27, Ex. A, B (Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss, filed Apr. 29, 2003). However, whether these two individuals actually represented to Mr. Ajalla that his appeal would be timely if filed on November 19, 2001, has no effect on the outcome of this action. As aptly put by the district court,

> [g]iven the receipt date of October 17, 2001, Plaintiff's appeal of the Army's Final Decision was due November 16, 2001; consequently, any representations made by Army employees on November 19, 2001, are irrelevant with respect to the application of equitable tolling as Plaintiff could not have been actively deceived into not acting by virtue of representations made after the running of the limitations period.

Rec. vol. I, doc. 28, at 4.

Accordingly, the district court's grant of the Army's motion to dismiss Mr. Ajalla's complaint is AFFIRMED.

Entered for the Court,


Robert H. Henry,
Circuit Judge