**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

OZELL E. BARRETT; BEATRICE
ANDERSON; ROLAND PATRICK;
BILLY BLOOMER,

          Plaintiffs-Appellants,

v.

DONALD RUMSFELD, Secretary
Department of Defense; DEFENSE
LOGISTICS AGENCY,

          Defendants-Appellees.

No. 05-6055
(D.C. No. CIV-03-1198-HE)
(W.D. Okla.)

**ORDER AND JUDGMENT**   *

Before **LUCERO** , **ANDERSON** , and **BRORBY** , Circuit Judges.

      Plaintiffs, appearing pro se, appeal from the district court's dismissal of

their Title VII action. We exercise jurisdiction under 28 U.S.C. § 1291 and

**AFFIRM**.

---

* The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

The procedural history of this case is unusual, and we summarize only the events relevant to this appeal. On November 12, 1999, Ishmeal Abdul-Raheem filed a complaint with the equal employment opportunity complaint program of defendant-appellee Defense Logistics Agency ("DLA"), alleging racial discrimination in the DLA's employment practices and requesting a class action. The DLA dismissed the complaint for failure to meet the class requirements and for failure to state a claim, and the Equal Employment Opportunity Commission ("EEOC") affirmed the dismissal in a decision dated May 1, 2003.

On September 2, 2003, plaintiffs initiated this action by filing a motion for certification of a class action, which the district court treated as a class action complaint ("Barrett I"). Referencing Abdul-Raheem's administrative proceeding before the DLA, the complaint in this action alleged discrimination under a variety of legal theories, including Title VII; 42 U.S.C. §§ 1981, 1983, and 1985; and breach of contract. The court granted plaintiffs the opportunity to file an amended complaint to include any claims raised by plaintiff Ozell Barrett in a separate and later-filed action, Barrett v. Rumsfeld, CIV-04-756-HE (W.D. Okla., filed June 21, 2004) ("Barrett II"), indicating that it would dismiss Barrett II by separate order, which it did. Plaintiffs never filed an amended complaint.

Defendants moved to dismiss the complaint with prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because it was filed more than ninety days after receipt of the EEOC's dismissal of the appeal and notice of right to sue. The district court granted the motion and dismissed the action with prejudice. Barrett then filed a motion asking the court to permit the case to continue in order to address the claims originally raised in Barrett II. The court vacated its order of dismissal as to those claims raised in Barrett II only, and ordered Barrett to file an amended complaint that set forth those of his Barrett II claims that differed from the claims in this case. The court warned Barrett that the case would be dismissed if he failed to comply with its order. Barrett failed to file an amended complaint. Instead, he filed a new class action complaint in yet a third action, apparently alleging discrimination arising from a completely different administrative complaint. The district court then dismissed this action with prejudice because Barrett failed to comply with its order. Plaintiffs appeal.

Even though we review the pleadings and other papers of pro se plaintiffs liberally and hold them to a less stringent standard than those drafted by attorneys, see Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), plaintiffs' pro se status does not relieve them from complying with procedural rules applicable to all litigants. Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir.

1994).  Plaintiffs have not challenged the district court's dismissal of the <u>Barrett II</u> claims.  Therefore, that issue is waived.  <u>See</u> <u>State Farm Fire & Cas. Co. v. Mhoon</u>, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (stating that failure to raise an issue in an opening brief results in waiver of that issue).

The sole issue on appeal, thus, is whether the district court erred in dismissing the case for lack of subject matter jurisdiction because plaintiffs failed to file their complaint "[w]ithin 90 days of receipt of the Commission's final decision on an appeal[.]"  29 C.F.R. § 1614.407(c); <u>see also</u> 42 U.S.C. § 2000e-16(c) (same).  We agree with the district court that plaintiffs filed the class complaint beyond the ninety-day period, but conclude that the court should have decided the matter under Rule 12(b)(6), not 12(b)(1).  "Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling."  <u>Million v. Frank</u>, 47 F.3d 385, 389 (10th Cir. 1995).  Accordingly, motions to dismiss for failure to file a Title VII civil action within the ninety-day filing period should be considered under Rule 12(b)(6).  <u>Anjelino v. New York Times Co.</u>, 200 F.3d 73, 87 (3d Cir. 1999).[1]

---

[1] Ordinarily, if "matters outside the pleading are presented to and not excluded by the court, the [Rule 12(b)(6)] motion [must be] treated as one for summary judgment."  Fed. R. Civ. P. 12(b).  However, a district court may review indisputably authentic copies of documents referred to in the complaint that are

(continued...)

We review de novo an order dismissing a Title VII civil action for failure to file within the ninety-day period, using the same standard applied by the district court. Conkle v. Potter, 352 F.3d 1333, 1335 (10th Cir. 2003). Under this standard, we "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1998).

There is no dispute that plaintiffs filed their class action complaint more than ninety days after Abdul-Raheem received the EEOC's notice of his right to sue. Based on Rule 6(e), the Supreme Court has established a presumption that a claimant receives a right-to-sue letter three mailing days after the date on the notice. Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984). Plaintiffs have not presented any evidence or argument that such a presumption is

[1](...continued)
central to a plaintiff's claim without converting the motion to one for summary judgment. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384-85 (10th Cir. 1997). The district court considered public documents related to the handling of Abdul-Raheem's complaint by the DLA and the EEOC, including the right-to-sue letter. These documents were not attached to the complaint, but the complaint referenced the Abdul-Raheem administrative proceeding by number. We conclude that consideration of these documents without treating the motion to dismiss as one for summary judgment is proper under Rule 12(b)(6). These documents, particularly the right-to-sue letter, are central to the timeliness of the filing of plaintiffs' claim in this action, and plaintiffs do not contest their authenticity.

incorrect in this case. We therefore assume that the notice was mailed on Thursday, May 1, 2003, and received on Tuesday, May 6, 2003. Plaintiffs had to file their complaint on or before August 4, 2003. They filed it on September 2, 2003, well after the expiration of the ninety-day period.

Plaintiffs have provided no explanation for their failure to file their complaint within the ninety-day period. Their argument that the DLA and the EEOC mishandled their complaint does not explain their failure to file their action in the district court within the ninety-day period. Plaintiffs also contend that their action arose out of their own individual complaints, not that of Abdul-Raheem. This argument fails. Plaintiffs' individual agency complaints, if any, are inadequate to support jurisdiction over their class complaint because administrative exhaustion of individual Title VII claims is not sufficient to exhaust administrative remedies for class claims, Belhomme v. Widnall, 127 F.3d 1214, 1217 (10th Cir. 1997), and exhaustion is a jurisdictional requirement. Sizova v. Nat'l Inst. of Stds. & Tech., 282 F.3d 1320, 1325 (10th Cir. 2002). Plaintiffs have not shown that any of their individual agency complaints asserted class claims. Therefore, to the extent that plaintiffs allege that their class complaint is based on their own individual agency complaints and not the Abdul-Raheem administrative proceeding, the district court lacked jurisdiction.

As noted above, the ninety-day filing period for Title VII civil actions is subject to equitable tolling, waiver, and estoppel. Million, 47 F.3d at 389. Plaintiffs have not advanced any arguments that the district court should have applied equitable tolling. They have pointed to no active deception on the part of defendants or any extraordinary impediments to the assertion of their rights. Id. ("Equitable tolling may be appropriate where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights") (quotation omitted). We also are given no evidence of waiver and see no reason to apply estoppel. Additionally, we decline to excuse plaintiffs' late filing on the basis of their pro se status. See Nielsen, 17 F.3d at 1277 (holding that pro se litigants must follow procedural rules that govern other litigants).

The judgment of the district court is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge