**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

URSULA LENHARDT,

      Plaintiff - Appellant,

v.

MHALSA HOSPITALITY, INC.;
RAKESH M. PAI,

      Defendants - Appellees,

and

JESSE OJEDA,

      Defendant.

No. 20-3061
(D.C. No. 5:18-CV-04125-SAC-ADM)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and
**PHILLIPS**, Circuit Judge.

_____

---

[*]    We conclude that oral argument would not materially help us to
decide the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).
So we have decided the appeal based on the record and the parties' briefs.

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

This appeal grew out of a lawsuit for employment discrimination. The plaintiff, Ms. Ursula Lenhardt, is an immigrant who worked for a motel in Kansas. During her employment, Ms. Lenhardt allegedly experienced sexual harassment, spurring her to quit the job in 2015. She later sued the employer under Title VII, claiming employment discrimination. The district court entered judgment on the pleadings in favor of the employer, but allowed Ms. Lenhardt to seek leave to amend the complaint.

She tried, beefing up her claim under Title VII and adding a claim under 42 U.S.C. § 1981. But the district court regarded both claims as deficient even with the additions proposed in the amended complaint, so the court denied leave to amend on the ground of futility. We affirm.

1.    **We conduct de novo review on the issue of futility.**

When reviewing denial of leave to amend, we apply the abuse-of-discretion standard. *Castanon v. Cathey*, 976 F.3d 1136, 1144 (10th Cir. 2020). Though this standard is deferential, we regard a legal error as an abuse of discretion. *Clark v. State Farm Mut. Auto. Ins. Co.*, 433 F.3d 703, 709 (10th Cir. 2005). And futility involves a legal issue, so we conduct de novo review when the district court disallows amendment of a complaint based on futility. *Peterson v. Grisham*, 594 F.3d 723, 731 (10th Cir. 2010).

**2.    Title VII: Ms. Lenhardt was late in submitting an administrative claim.**

The adequacy of Ms. Lenhardt's Title VII allegations turns on the timing of her administrative complaint. Under Title VII, a victim of employment discrimination can sue only after filing an administrative complaint with the Equal Employment Opportunity Commission or a similar agency for the state or locality. 42 U.S.C. § 2000e–5(e)(1); *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1206 n.3 (10th Cir. 2007). The administrative complaint is due 300 days after the alleged discrimination. 42 U.S.C. § 2000e–5(e)(1).

Ms. Lenhardt filed an administrative complaint in 2018. But she had quit the job roughly 2 ½ years earlier. So the administrative complaint would ordinarily be considered late.

But the 300-day period can be equitably tolled when an external impediment prevents the victim of employment discrimination from asserting a statutory right. *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995). Ms. Lenhardt urges equitable tolling, arguing that the employer prevented her from asserting a claim after she had quit.

She bases this argument on harassment by a former coworker, Mr. Jesse Ojeda. According to Ms. Lenhardt, Mr. Ojeda harassed her at the motel's direction in a ploy to (1) distract her from filing a discrimination charge or (2) intimidate her into inaction.

3

We must determine whether this allegation would prevent dismissal. To make this determination, we consider whether Ms. Lenhardt has pleaded enough factual content for the court to reasonably infer that the employer impeded her from timely filing an administrative complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We assume without deciding that Ms. Lenhardt plausibly pleaded the motel's ultimate responsibility for Mr. Ojeda's harassment. In our view, however, Ms. Lenhardt's allegations wouldn't plausibly suggest an inability to timely file an administrative complaint. We thus agree with the district court that the proposed amendments would not have prevented dismissal of the claim under Title VII.

**3.    42 U.S.C. § 1981: Ms. Lenhardt failed to plead a plausible claim.**

Ms. Lenhardt also tried to add a claim under 42 U.S.C. § 1981. This statute prohibits race discrimination in the making of contracts. 42 U.S.C. § 1981(a). For this claim, Ms. Lenhardt alleges that a co-owner of the motel tried to seduce her and retaliated against her through sexual assault and discrimination rather than providing her with documentation required for lawful employment as an immigrant.

Though her allegations do suggest misconduct, Ms. Lenhardt ties the misconduct to race discrimination based solely on an assertion that the sexual discrimination had been racially motivated. That bare assertion is

4

not enough. We thus conclude that the proposed amendments would not have prevented dismissal of the new claim under 42 U.S.C. § 1981.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge