

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-17-2006

# Winter v. CYCAM/MED Source

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3593

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Winter v. CYCAM/MED Source" (2006). *2006 Decisions.* Paper 1744.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1744

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 05-3593
_____

CAROL C. WINTER,
Appellant

vs.

CYCAM/MED SOURCE TECHNOLOGIES


_____
On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-01699)
District Judge:  Honorable Gary L. Lancaster


_____


Submitted Under Third Circuit L.A.R. 34.1(a)
January 11, 2006
BEFORE:  FISHER, ALDISERT AND WEIS, CIRCUIT JUDGES

(Filed: January 17, 2006)


_____


OPINION
_____


PER CURIAM.

Appellant Carol Winter appeals pro se the District Court's grant of

Cycam/MedSource's (MedSource) motion for summary judgment on her complaint

alleging discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. §§

12112, et. seq., the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621, et. seq., and Title VII, 42 U.S.C. §§ 2000e to 2000e-17 (sex discrimination). We will affirm.

The parties are familiar with the facts, thus, we will only briefly summarize them here. MedSource hired Winter as a quality control visual inspector in August 2000. She initially received positive employment evaluations, but beginning in August 2002, Winter's attendance dropped and the quality of her work deteriorated. In early 2003, MedSource confronted Winter about her poor attendance and performance. She signed a document acknowledging the warning, but never told her managers that she was suffering from a disability. Her performance did not improve, leading to her termination on February 27, 2003.

Winter filed a formal charge with the Equal Employment Opportunity Commission (EEOC) alleging disability and age discrimination. After receiving a right to sue letter, Winter filed the current action in District Court. She alleges that coworkers subjected her to "intolerable" conversations regarding killing animals (Winter is a vegetarian), and that they placed poison in the air conditioning system and her coffee. She also makes general sex discrimination claims based on the lack of other women in the company and a coworker's comment comparing her to Linda Tripp when she reported the conversations about killing animals to her supervisors. The District Court concluded that Winter failed to assert a prima facie case on any of her claims and granted MedSource's

motion for summary judgment. Winter appealed.[1]

All of Winter's claims are analyzed under the burden shifting framework announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). In each instance, Winter must first establish a prima facie case. Id. at 802. In the context of the ADA, she must show that she "(1) has a 'disability,' (2) is a 'qualified individual,' and (3) has suffered an adverse employment action because of that disability." See Deane v. Pocono Med. Ctr., 142 F.3d 138, 142 (3d Cir. 1998) (citation omitted). An individual is disabled for the purposes of the ADA if she has "a physical or mental impairment that substantially limits one or more of the major life activities . . . ." 42 U.S.C. § 12102(2)(A); see Emory v. AstraZeneca Pharm. LP, 401 F.3d 174, 179 (3d Cir. 2005). Not only does Winter fail to explain the precise nature of her disability, there is no evidence to suggest that MedSource personnel knew that Winter was even injured to such a degree that it affected the routine performance of her job. See Conneen v. MBNA Am. Bank, N.A., 334 F.3d 318, 332 (3d Cir. 2003). Thus, Winter fails to meet two of the three elements of her prima facie case.

Her ADEA claim suffers similar infirmities. To establish a prima facie age discrimination claim, Winter must show that "(1) s[]he is over forty, (2) is qualified for the position in question, (3) suffered from an adverse employment decision, and (4) that

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the grant of a motion for summary judgment and apply the same test as the District Court. See Wastak v. Lehigh Valley Health Network, 342 F.3d 281, 285 (3d Cir. 2003).

3

. . . her replacement was sufficiently younger to permit a reasonable inference of age discrimination." Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 370 (3d Cir. 2004). Winter provides no evidence that she was replaced by a substantially younger employee. In fact, she admits to having no idea who was hired or transferred to take over her position. Further, based on her performance evaluations, MedSource had a legitimate non-discriminatory reason for Winter's termination.

Finally, Winter has failed to exhaust her claim of sex discrimination. In order to bring a Title VII action in federal court, the plaintiff must first file a charge with the EEOC sufficient to put the EEOC on notice of her particular claims. See Anjelino v. N.Y. Times Co., 200 F.3d 73, 93 (3d Cir. 1999); Robinson v. Dalton, 107 F.3d 1018, 1020-21 (3d Cir. 1997). Although Winter properly filed a charge with the EEOC, she makes no mention of sexual harassment. She does allege several incidents in her intake questionnaire, but this is not sufficient to exhaust her claim. Winter filed her formal charge after she filled out her intake questionnaire, implying that she abandoned those claims in her formal complaint. See Bost v. Fed. Express Corp., 372 F.3d 1233, 1240-41 (11th Cir. 2004); Novitsky v. Am. Consulting Eng'rs, L.L.C., 196 F.3d 699, 702 (7th Cir. 1999).

For the foregoing reasons, we will affirm the judgment of the District Court.

4