**KEITH SEALEY, Plaintiff**
**v.**
**TROPICANA PERFUME SHOPPES, INC., Defendant**

Civil No. 2005-193

District Court of the Virgin Islands

Division of St. Thomas and St. John

November 14, 2006

CLIVE RIVERS, ESQ., St. Thomas, U.S.V.I., *For the plaintiff.*

SUSAN BRUCH MOOREHEAD, ESQ., St. Thomas, U.S.V.I., *For the defendant.*

GOMEZ, *Chief Judge*

## MEMORANDUM OPINION

(November 14, 2006)

Before the Court is defendant Tropicana Perfume Shoppes, Inc.'s ("Tropicana") motion for summary judgment. Tropicana "moves for a summary judgment of dismissal of all counts alleged in the Complaint. ..." [Mot. at 14.]

Tropicana's motion argues the following: (1) the statute of limitations has expired over the federal claim and this Court does not have original jurisdiction over any of the other claims; and (2) plaintiff Keith Sealey ("Sealey") has failed to state a claim upon which relief can be granted under the Americans with Disabilities Act ("ADA") because (a) Sealey has not alleged he has a qualifying disability, (b) Tropicana was not aware Sealey was disabled when it terminated his employment, (c) Sealey has not sufficiently rebutted Tropicana's stated business reason for his termination, and (d) Sealey has not sufficiently alleged that his termination was retaliatory.

## I. Facts

Sealey is a former employee of Tropicana. On February 20, 2004, while performing his duties as Tropicana's sole security guard, Sealey

was hit by a car. Sealey was on medical leave recovering from his injuries for six months.

On August 23, 2004, Sealey returned to work with a doctor's note which listed his restrictions "as tolerated." For clarification, Tropicana contacted Sealey's doctor who then removed the original restrictions. In October, 2004, Sealey filed a complaint with the Virgin Islands Department of Justice, Division of Civil Rights ("VI DOJ") against both Tropicana and Sealey's doctor.

"Tropicana was never informed of any specific impairment or disability." (Mot. at 2; see Opp. at 5 (not listing this statement among the enumerated paragraphs that Sealey disputes).) Tropicana explains that

> [a]t no time after Sealey's return to work was Tropicana given any certificate of a disability or impairment within the meaning of the ADA, nor did Sealey provide any specific information or corroboration of any particular disability claimed.[1]

[Mot. at 2; Opp. at 5.]

On November 12, 2004, "Sealey made a written request for a reasonable accommodation under the ADA, namely that he be permitted to sit intermittently during the work day."[2] [Mot., Aff. of Def. at 2.]

On December 30, 2004, Tropicana notified Sealey that his position had been eliminated due to budgetary constraints and that his last day would be December 31, 2004. Tropicana explains that it had no security guard services for more than six months, and after concluding a 2004 year-end review of its fiscal budget, future needs, and unnecessary expenses, it eliminated Sealey's position for budgetary reasons. Sealey states he disputes this fact, but he does not provide any evidence.

---

[1]    While Sealey states he disputes this fact, his opposition does not point to any evidence to support its contention. Since he cannot rely on mere allegations, he has not properly disputed this fact. Thus it is treated as undisputed.

[2]    Without further support, Sealey states he disputes this fact, but his written request is attached as an exhibit to Tropicana's motion. It also appears Sealey may have meant to attach this to his own complaint, as his complaint cites to Exhibit C for support of his statement that he requested reasonable accommodations. However, no exhibits were attached to his complaint. The President of Tropicana stated in an affidavit that he met with Sealey to discuss his request and granted it to the satisfaction of both Tropicana and Sealey. Again, Sealey states he also disputes this fact without providing further support.

Sealey filed a discrimination charge against Tropicana with the Equal Employment Opportunity Commission (the "EEOC"). In January 2005, Tropicana received a notification letter from the EEOC dated and postmarked December 29, 2004, informing Tropicana that the EEOC had dismissed Sealey's charges because they failed to state a claim.[3] The letter also indicates Sealey had ninety days from his receipt of the letter to file a lawsuit. Sealey contends he did not receive his copy of the EEOC notice until September 2, 2005. He has filed a copy of the envelope in which he received the letter to show that it was postmarked in August 2005.

On November 18, 2005, Sealey filed this three count action alleging first that Tropicana fired him because of his disability and that such termination was in violation of the ADA. He also alleges the termination was a retaliatory act in response to the complaint he filed with the VI DOJ. His other two counts allege violations of Virgin Islands law, including breach of contract and wrongful discharge.

## II. Discussion

### A. Jurisdiction

This Court has general subject matter jurisdiction over the first count because Sealey seeks relief under the ADA, 42 U.S.C. § 12101, et seq. See 42 U.S.C. § 2000e-5(f)(3) ("Each United States district court ... shall have jurisdiction of actions brought under this title ... ."). This Court may have supplemental jurisdiction over those claims involving the Virgin Islands Wrongful Discharge Act and breach of contract:

> [T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

---

[3] Sealey indicates in his opposition to the motion that the EEOC complaint was filed weeks after he was terminated. Yet, Tropicana's notification letter from the EEOC was dated December 29, 2004, and Sealey was not notified of his termination until December 30, 2004. Nevertheless, it is not necessary to determine the date of the EEOC complaint. As discussed *infra* Sealey claims his termination was in retaliation for filing a complaint with the VI DOJ, not the EEOC. Additionally, although Tropicana presents a defense of the statute of limitations, it does not argue that Sealey's EEOC complaint was untimely.

28 U.S.C. § 1367(a). However, this Court may decline to exercise supplemental jurisdiction over the claims under subsection (a) if "the district court has dismissed all claims over which it has original jurisdiction ... ." 28 U.S.C. § 1367(c)(3).

## B. Standard for Summary Judgment

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The movant has the initial burden of showing there are no genuine issues of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. In making this determination, this Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850, 122 S. Ct. 2559, 153 L. Ed. 2d 735 (2002).

## III. Analysis

Sealey's cause of action arises from Title I of the ADA which prohibits employment discrimination by qualified employers against a qualified disabled individual. 42 U.S.C. § 12112. Sealey alleges that his position with Tropicana was eliminated because he asked for reasonable accommodations for the disability he acquired on the job. Additionally, he alleges that Tropicana terminated him in retaliation after he complained to the VI DOJ.

## A. Statute of Limitations

The ADA adopts the "powers, remedies, and procedures" set forth in Title VII of the Civil Rights Act of 1964 found in title 42, sections 2000e

590

through 2000e-17 of the United States Code. 42 U.S.C. § 12117(a). A claimant who wishes to bring a civil suit must first file a charge of employment discrimination with the EEOC "within three hundred days after the alleged unlawful employment practice occurred ... ." 42 U.S.C. § 2000e-5(e)(1).

When the EEOC dismisses a charge, it must send the person aggrieved a right-to-sue letter. 42 U.S.C. § 2000e-5(b), (f)(1). The aggrieved person must commence a civil action alleging unlawful employment practices within ninety days of receiving the right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see also Ebbert v. Daimlerchrysler Corp.*, 319 F.3d 103, 108, n.4 (3d Cir. 2003) (explaining the ADA uses Title VII's procedures which include a ninety day statute of limitations from the day the plaintiff received notice of dismissal from the EEOC (citing 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5(f)(1))); *accord Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984) (explaining that the statute requires more than just the presentation of the right-to-sue letters, plaintiffs must actually commence the action within ninety days).

Failure to file the complaint within ninety days results in dismissal under Federal Rule of Civil Procedure 12(b)(6). *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3d Cir. 1999) (explaining dismissal should be considered under Rule 12(b)(6) as opposed to 12(b)(1)); *see also Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995) ("Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations ... .").

■ The right-to-sue letter was dated December 29, 2004, but Sealey did not file his complaint in this Court until November 18, 2005. If Sealey did not receive his letter until September 2, 2005, as he alleges, then he filed his suit within ninety days of receiving the letter. The date of receipt is a material fact for the purposes of whether summary judgment would be appropriate for Tropicana's statute of limitations defense.

As conceded by the defendant's counsel at the hearing on the motion, Sealey has sufficiently placed this material fact in dispute such that summary judgment is not appropriate on the issue of whether the complaint was timely filed. *Cf. In re Copper Antitrust Litig.*, 436 F.3d 782, 784-85 (7th Cir. 2006) (stating that when "the facts taken in the

591

light *most favorable to the plaintiffs could support a finding that their* suit was timely," summary judgment would not be appropriate).

Accordingly, summary judgment will be denied with regard to the statute of limitations defense.

## B. The ADA Discrimination Claim

■ Tropicana also argues that summary judgment is appropriate for Sealey's ADA discrimination claim because Sealey has not met his burden of establishing a prima facie case. When a court examines whether summary judgment is appropriate for an ADA claim, the following steps are involved:

> (1) [the plaintiff-employee] bears the burden of establishing his prima facie case of discrimination; (2) the burden then shifts to [the defendant-employer] to proffer a legitimate, non-discriminatory reason for [the plaintiff-employee's] termination; and (3) if [the defendant-employer] satisfies its burden in prong (2), then [the plaintiff-employee] must provide evidence to the Court that [the defendant-employer's] proffered, legitimate, nondiscriminatory reasons are pretextual.

*Helfrich v. Lehigh Valley Hosp.*, No. 03-cv-05793, 2005 U.S. Dist. LEXIS 4420, at *51-52 (E.D. Pa. Mar. 22, 2005); *see also Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 760-61 (3d Cir. 2004) (using same burden shifting). This is known as the *McDonnell Douglas* burden-shifting framework.

■ To establish a prima facie case for discrimination under the ADA and survive summary judgment, Sealey must demonstrate:

(1)   he is a disabled person within the meaning of the ADA;

(2)   he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination.

*Williams*, 380 F.3d at 761.

The ADA defines "disability" as

(A)   a physical or mental impairment that substantially limits one or more of the major life activities of such individual;

592

(B) a record of such an impairment; or

(C) being regarded as having such an impairment.

42 U.S.C. § 12102(2).

Sealey has not established that he has a disability under the ADA. Sealey does not indicate the nature of his disability. It merely states that he was "disabled as a result of an on the job injury ... ." [Compl. at 2.] While he asserts he is "a qualified individual with a disability", he does not elaborate to explain what type of disability he has or how it qualifies under the ADA. Based on his assertions that he was physically injured and needed to sit at work, it appears he claims to be disabled under section 12102(2)(A).

However, Sealey's affidavit attached to his opposition brief does not state that he has a qualified disability under the ADA. Nowhere in his briefs or exhibits does he even state the nature of the disability. The only reference to a disability is his statement that "I told the Defendant about my disability in great detail" and that "the problems with me as an employee started after I got injured." [Opp. at Ex. 1.] Because Sealey has failed to indicate the nature of his disability, he cannot prove he has a qualified disability. *Winter v. Cycam/Med Source Techs.*, 166 Fed. Appx. 593 at 595, 2006 U.S. App. LEXIS 1059, at *4 (3d Cir. 2006) (unpublished) (affirming grant of summary judgment while noting that because the plaintiff merely stated she had a disability and did not explain the precise nature of her disability she failed to meet one of the elements of her prima facie test).

Sealey has not given any evidence that his impairment substantially limits any major life activity.

> For an impairment to be substantially limiting, the individual must be either (1) unable to perform a major life activity that the average person in the general population can perform or (2) significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1).

In evaluating the record evidence against the requirements of the ADA, courts are to consider: 1) the duration or expected duration of the impairment; 2) the nature and severity of the impairment; and 3) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment.

*Brandon v. Klingensmith Healthcare, Inc.*, No. 03-1963, 2005 U.S. Dist. LEXIS 32577, at *10 (W.D. Pa. Dec. 13, 2005) (citing 29 C.F.R. § 1630.2(j)(2)(i)-(iii)).

"Where a plaintiff relies solely on her own statements to show that she has been substantially limited in a major life activity," it is difficult for the plaintiff to establish a disability. 2005 U.S. Dist. LEXIS 32577 at *13. In *Brandon v. Klingensmith Healthcare, Inc.*, the plaintiff claimed that her fibromyalgia substantially limited her ability to work. She "did not submit affidavits from family members, health care workers, friends, or others who assisted her with [major life] activities, or from any one who witnessed her difficulties." *Id.* at *12. The court explained she "failed totally to document the on-going nature, severity, likely duration, and expected long term impact of her specific impairments." *Id.* It concluded that the record evidence was insufficient to defeat the defendant's motion for summary judgment.

■ Here, Sealey not only fails to explain his disability, he does not state what, if any, major life activity is restricted. Even assuming it was his work that was restricted, he has not given any evidence to show that he is unable to do a job that the average person could perform. Sealey's complaint states he could work "as tolerated," but it does not explain what this means. Like the plaintiff in *Brandon,* Sealey has failed to provide any evidence to demonstrate that any impairment he might have substantially limits any major life activity.

Because Sealey has failed to establish a prima facie case, Tropicana is entitled to judgment as a matter of law. Thus, summary judgment will be granted in Tropicana's favor with respect to Sealey's employment discrimination claim.

## C. Failure to State a Claim for ADA Retaliation

Arguably, Sealey has also incorporated a claim of unlawful retaliation under the ADA into Count I. While his complaint is not explicit, he states that the

[d]efendant's reason for eliminating his position is merely, per textual [sic] in nature and retaliation. The real reason for the elimination of the position ... was because Plaintiff requested reasonable accommodations and his subsequent complaint to the Virgin Islands Department of Justice, Division of Civil Rights.

[Compl. at 3.] The ADA retaliation provision prohibits discrimination "against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge ... under [the ADA]." 42 U.S.C. § 12203.

### 1. Prima Facie Case

■ To establish a prima facie case for unlawful retaliation under the ADA, Sealey must show:

(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action.

*Williams*, 380 F.3d at 759 (quoting *Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 567-68 (3d Cir. 2002)). He does not need to show he was disabled. He simply needs to show he has a reasonable, good faith belief he was entitled to the protected activity. *Id.* at 759 n.2 (explaining that a plaintiff only needs to show she "had a reasonable, good faith belief that she was entitled to request the reasonable accommodation she requested").

■ Sealey alleges his protected activities include his request for a reasonable accommodation and the filing of the complaint with the VI DOJ. The adverse action he alleges is the termination of his position.

Sealey has alleged no facts to demonstrate a causal connection between his actions and Tropicana's elimination of his position. Nonetheless, "temporal proximity between the protected activity and the termination (can be itself) sufficient to establish a causal link." *Williams*, 380 F.3d at 760 (quoting *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183 (3d Cir. 2003)). However, "the timing ... must be unusually suggestive of retaliatory motive before a causal link will be inferred." *Id.* (quoting *Shellenberger*, 318 F.3d at 189) (explaining two days would be unusually suggestive).

In *Williams,* the Third Circuit explained that since over two months had elapsed between the protected activity and the time the plaintiff was terminated, it was not unduly suggestive. *Id.* The *Williams* Court indicated that "timing plus other evidence may be an appropriate test." *Id.* (internal citations and quotations omitted). In that case, the plaintiff-employee "failed to proffer any evidence of retaliation other than the not unduly suggestive temporal request" between his request for an accommodation and his termination. *Id.* at 761. Because of this lack of evidence of retaliation and the fact that the defendant-employer's alternate explanation was compelling, the appellate court affirmed summary judgment "agree[ing] with the District Court that no reasonable jury could conclude that the two events shared a causal link for the purposes of an ADA retaliation claim." *Id.*

Here, Sealey filed a complaint with the VI DOJ in October 2004. Sealey requested accommodations on November 12, 2004. Sealey was notified on December 30, 2004, that he would be terminated effective December 31, 2004.

For the purposes of this motion, the Court will assume Sealey has met his burden of establishing a causal connection.

### 2. Tropicana's Burden of Legitimate Reason for Termination

Assuming Sealey met his burden of a prima facie case, the burden shifts to Tropicana. Tropicana must "proffer a legitimate, non-discriminatory reason for [Sealey's] termination." *Helfrich,* 2005 U.S. Dist. LEXIS 4420, at *51-52.

Tropicana states that while Sealey was on leave for more than half a year, it determined that it did not need a security guard. Therefore, Tropicana asserts it legitimately eliminated Sealey's job for budgetary reasons.

### 3. Sealey's Burden of Showing Some Evidence Contrary to Tropicana's Legitimate Reason

To show that Tropicana's reasons for firing him are retaliatory, Sealey must

> point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious

discriminatory reason was more likely than not a motivating or determining cause of the decision.

*Vierra v. Wayne Mem. Hosp.*, 168 Fed. Appx. 492 at 495, 2006 U.S. App. LEXIS 3062, at *5-6 (3d Cir. 2006) (unpublished) (citing *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)) (internal quotations omitted).

■ Sealey does not explicitly dispute that Tropicana eliminated his job for budgetary reasons. Instead, he simply asserts he was fired because he requested accommodations and filed a complaint with the VI DOJ.

Sealey has not pointed to any evidence from which a factfinder could reasonably disbelieve Tropicana's articulated legitimate reasons. Nor has Sealey pointed to any evidence from which a factfinder could reasonably conclude that an invidious discriminatory reason was more likely than not the cause of his termination. Sealey has failed to meet his burden of showing some evidence to contradict Tropicana's legitimate reason for his termination. Accordingly, summary judgment will be granted in Tropicana's favor regarding the ADA retaliation claim.

## D. Other Claims

■ Because summary judgment is granted for Sealey's federal claim, it is within the sound discretion of the Court to determine whether or not to exercise supplemental jurisdiction. *Annulli v. Panikkar*, 200 F.3d 189, 202 (3d Cir. 1999) (explaining the Third Circuit reviews such determinations for abuse of discretion "focusing on whether the dismissal of the pendent claims best serves the principles of judicial economy, convenience, fairness, and comity"). The Court declines to exercise supplemental jurisdiction regarding his remaining claims for breach of contract and wrongful discharge.[4]

## IV. Conclusion

Because Sealey has failed to meet his burden of establishing a prima facie case for ADA discrimination, Tropicana's motion for summary judgment will be granted with respect to the ADA discrimination claim.

Because Sealey has failed to meet his burden of showing evidence to contradict Tropicana's legitimate reason for terminating him,

---

[4] At the hearing, Sealey's counsel stated his client would not be time barred from filing his local claims in the Superior Court.

Tropicana's motion for summary judgment will be granted with respect to the ADA retaliation claim.

Further, the Court declines to exercise supplemental jurisdiction regarding the remaining claims. An appropriate order follows.